UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
            -v-                           :      00 Cr. 432 (DLC)
                                          :
EDGAR ORTEGA,                             :      MEMORANDUM OPINION
                        Defendant.        :         and ORDER
                                          :
------------------------------------------X

DENISE COTE, District Judge:

On April 18, 2006, as amended on February 11, 2008, Edgar Ortega brought a motion seeking to be resentenced. For the following reasons, that motion is denied.

BACKGROUND

Ortega was convicted following trial and sentenced to 80 years' imprisonment in 2002. At that sentencing proceeding, the parties "thoroughly litigated" the sentencing guidelines issues.[1] The defendant did not contest the accuracy of the factual findings underlying the sentencing guidelines calculations or request a Fatico hearing,[2] but he did argue that as a legal matter the trial evidence should not be used in arriving at the guidelines calculation. In imposing sentence, the Court determined that his offense level was 44, his Criminal History Category was II, and

---

[1] Defense counsel gave this description of the first sentencing proceeding when addressing the Court at Ortega's resentencing in 2005.

[2] Among other things, Ortega did not want to trigger a Government recitation of admissions that Ortega had made to the Government during proffer sessions.

his guidelines range was life imprisonment.  The offense level 44 was calculated from a base offense level of 38 for distribution of over 15 kilograms of crack cocaine, a two level adjustment for a distribution that involved a protected location, and a four level adjustment for a leadership role.  As reflected in the Presentence Report, the trial testimony showed that Ortega was responsible for distributing over 15 kilograms of crack through his management of a drug business that lasted approximately four and a half years, operated six days a week, and sold twenty grams of crack per day.  Based on the state of the law as it existed at that time, the Court refused to depart from the guidelines based on sentencing disparity or the harshness of the crack guidelines.  The conviction was affirmed on appeal on December 8, 2003.

Following the decision in United States v. Booker, 543 U.S. 220 (2005), Ortega was resentenced on November 18, 2005, principally to a term of imprisonment of twenty-five years in light of the factors set forth in 18 U.S.C. § 3553(a).  At the 2005 sentencing proceeding, defense counsel stressed Ortega's rehabilitation, the severity of the crack guidelines, and the sentences imposed on co-conspirators.  The Judgment of Conviction was filed on December 22, 2005.

Ortega requested resentencing through a motion docketed on April 18, 2006, but the Clerk of Court lost that set of papers and Ortega was ordered to refile it along with an affidavit of service on the Government.  Ortega represented that he complied with that

instruction in September 2006, but neither the Clerk's Office nor the Government had any record of such a filing, as this Court informed Ortega. Ortega finally succeeded in filing a pro se motion on February 11, 2008, to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Government responded on April 18, and Ortega's trial counsel replied on May 27.

DISCUSSION

Ortega argues that the recent amendments to the crack guidelines entitle him to a two level adjustment to his offense level. He requests that the Court consider the § 3553(a) factors in resentencing him and reduce his sentence. As supplemented by his counsel's reply, Ortega acknowledges that his base offense level and guidelines range are not changed by the recent amendments to the crack guidelines, but argues that the Court should determine anew the amount of crack which should be used to set a base offense level. Finally, Ortega argues that he is entitled to a resentencing since the Court did not understand that it could reduce his sentence because of the disparity between powder and crack cocaine guidelines, and because it erred in refusing to consider the disparity among co-defendants' sentences.

Ortega's motion references two changes in the law that post-date his resentencing. First, Kimbrough v. United States, 128 S. Ct. 558 (2007), clarified that a district court is permitted "to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary'

3

to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. See also United States v. Jones, -- F.3d --, 2008 WL 2500252, at *14 (2d Cir. 2008); United States v. Regalado, 518 F.3d 143, 146-47 (2d Cir. 2008). The Court of Appeals has held that Kimbrough does not require resentencing, however, where a district court indicates (typically on remand) that it would not "have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve" the objectives of § 3553(a). Regalado, 518 F.3d at 149. In that scenario, "the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision." Id.

Second, effective November 1, 2007, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines Manual to lower the guideline sentencing range for certain categories of offenses involving crack. On December 1, 2007, the Sentencing Commission adopted an amendment to Section 1B1.10 of the Guidelines authorizing, effective March 3, 2008, retroactive application of the amendment to the crack guidelines. A final amendment, effective May 1, 2008, has expanded the universe of defendants who may qualify for a reduction in their sentence. See U.S. Sentencing Guidelines Manual § 2D1.1, App. Note 10 (May 1, 2008). Under U.S. Sentencing Guidelines Manual Section 1B1.10(a)(2)(B), however, a reduction in a defendant's sentence is not permitted where the application of

4

the recent amendments to the crack cocaine guidelines "do[] not have the effect of lowering the defendant's applicable guideline range."  In addition, under Section 1B1.10(b)(2)(B), "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

This Court declines to resentence Ortega a second time.  In resentencing Ortega in 2005 principally to a term of twenty-five years' imprisonment, the Court applied the § 3553(a) factors and substantially reduced Ortega's sentence from the statutory maximum of 80 years and the guidelines sentence of life imprisonment.  In doing so, the Court was aware that it could consider the sentences imposed on co-conspirators, and explicitly did so. Reconsideration of sentencing disparity would not alter Ortega's sentence.

Ortega is also not entitled to a reduction in his sentence due to the recent amendments in the crack guidelines.  First, the trial evidence amply supported the finding that Ortega was responsible for the distribution of over 15 kilograms of crack cocaine.  Ortega did not seek a Fatico hearing at the time of his 2002 sentence or present any evidence that could alter that finding.  Moreover, Ortega appealed from that sentence, and it was affirmed. See United States v. Ortega, 82 Fed. App'x 717 (2d Cir. 2003), vacated by 543 U.S. 1103 (2005).  Under the revised crack

5

guidelines, the base offense level of 38 applies to the distribution of 4.5 kilograms or more of cocaine base. Thus, Ortega's base offense level of 38 and guidelines range of life imprisonment has not changed. Ortega is not, therefore, entitled to a reduction in his sentence under Section 1B1.10 since the recent amendments to the crack guidelines did not change his guidelines range. Second, Ortega's sentence was already substantially reduced when he was resentenced pursuant to § 3553(a). Having already received a non-guidelines sentence, a defendant is not "generally" entitled to a further reduction under Section 1B1.10. Ortega's case does not warrant an exception to this general rule.

Finally, for the reasons outlined above, consideration of the harshness of the crack guidelines would not alter the sentence imposed on Ortega in 2005. Regalado, 518 F.3d at 149. Resentencing is therefore not necessary in light of Kimbrough.

CONCLUSION

Defendant Edgar Ortega's motion for resentencing of April 18, 2006, as amended on February 11, 2008, is denied.

SO ORDERED:

Dated: New York, New York
July 14, 2008

_____
DENISE COTE
United States District Judge

6

COPIES SENT TO:

Rua M. Kelly  
Assistant United States Attorney  
One Saint Andrew's Plaza  
New York, NY 10007

Labe M. Richman  
Attorney At Law  
305 Broadway, Suite 100  
New York, NY 10007

Edgar Ortega  
49223-054  
FCC USP Coleman Medium  
P.O. Box 1032  
Coleman, FL 33521-1032

R
A
C